UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEAMUS A. ACTON,

                Plaintiff,                    **ORDER**

    -against-                          22 Civ. 4305 (AEK)

POWERLINE CYCLES INC., THOMAS BRUNO,
and MARK ROMANYCH,

                Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

    At a final pretrial conference held on May 30, 2024, the Court ordered as follows:

(1) By June 6, 2024, Plaintiff must file a letter stating

    (a) whether he intends to proceed with his intentional infliction of emotional distress claim; if so, he must provide legal support for proceeding with that claim, in light of the issues identified by the Court at the final pretrial conference;

    (b) whether he intends to proceed with his claim for illegal docking of pay;

    (c) whether he intends to proceed with his negligence claim; if so, he must provide the legal basis for that claim, in light of the issues identified by the Court at the final pretrial conference;

    (d) whether he intends to continue to assert that Defendant Mark Romanych was his employer for purposes of his FLSA and NYLL claims, or whether he will withdraw the FLSA and NYLL claims against Mr. Romanych; if he intends to pursue these claims against Mr. Romanych, Plaintiff also must provide appropriate proposed jury instructions and verdict form language to address the issue of whether Mr. Romanych was Plaintiff's employer;

    (e) legal support for the proposition that a corporate entity may be vicariously liable under a theory of *respondeat superior* for an employee's intentional torts, such as defamation and assault and battery; and

      (f) legal support for the proposition that a corporate entity may be liable to pay punitive damages for an employee's intentional torts.

    (2) By June 6, 2024, Defendants must file a letter notifying the Court whether they will continue to stipulate that they failed to provide Plaintiff with a proper wage notice at the time of hiring, as set forth in the Joint Pretrial Order, *see* ECF No. 58 at 3 (Section 7. Stipulated Facts), or whether they are withdrawing that stipulation.

    (3) By June 6, 2024, both Plaintiff and Defendants must file any objections that they have regarding the authenticity and/or admissibility of any proposed exhibits; and

    (4) By June 13, 2024, Defendants may file a responsive letter regarding a corporate entity's *respondeat superior* liability for an employee's intentional torts, as well as whether a corporate entity may be liable to pay punitive damages for an employee's intentional torts.

    All submissions must be made via ECF.  Plaintiff may file a single letter on June 6, 2024 addressing all of the items specified in paragraphs (1) and (3) above.  Defendants may file a separate letter on June 6, 2024 with any objections to Plaintiff's proposed exhibits.

Dated: May 30, 2024
       White Plains, New York

                                          **SO ORDERED.**

                                          _____
                                          ANDREW E. KRAUSE
                                          United States Magistrate Judge