UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SEAMUS A. ACTON,

                        Plaintiff,                       **ORDER**

           -against-                            22 Civ. 4305 (AEK)

POWERLINE CYCLES, INC. and
THOMAS BRUNO,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Among the claims asserted by Plaintiff in this action were claims for violations of the New York Labor Law based on Defendants' failure to provide Plaintiff with the requisite wage notice at the time of hiring and wage statements at the time of each payment of wages.  *See* NYLL §§ 195(1), 195(3).  Other than alleging Defendants' failures to comply with the statutory wage notice and wage statement requirements and citing the statutory requirements themselves, Plaintiff did not specify in the Complaint any concrete injury he suffered as a result of the wage notice and wage statement violations.  *See* ECF No. 1 (Complaint) ¶¶ 66, 68.

      At the conclusion of the trial in this case, the jury rendered a verdict finding, among other things, that Defendants were liable on Plaintiff's wage notice and wage statement claims.  But based on the evidence presented, the jury also found that Defendants had paid Plaintiff all the wages he was owed for all the compensable hours that he worked during his employment at Powerline Cycles, Inc.  Given that Plaintiff did not claim to have suffered any injury as a result of Defendants' New York Labor Law violations other than the purported failure to be paid all wages due and owing for all compensable hours that he worked, a question remains as to whether Plaintiff has standing to assert his wage notice and wage statement claims at all.

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, the plaintiff "must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (cleaned up).  Second, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (cleaned up).  Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (cleaned up).

"Although the Article III standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed, the standing issue may be raised by a party, ***or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment***." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (emphasis added) (cleaned up).  "At each such stage, the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing; but the stage at which, and the manner in which, the issue is raised affect (a) the obligation of the plaintiff to respond, (b) the manner in which the district court considers the challenge, and (c) the standard of review applicable to the district court's decision." *Id.* (cleaned up).  Each element of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Id.*  "Thus, the showing that must be made in order to withstand a dismissal for lack of standing increases as the suit proceeds." *Id.*

At this stage of the action—post-judgment—Plaintiff bears the burden of demonstrating that there was evidence presented at trial that would support the conclusion that Plaintiff suffered injuries in fact as a result of not receiving a proper wage notice and proper wage statements. Recent case law suggests the possibility that Plaintiff may have lacked standing to bring his wage notice and wage statement claims.  *See, e.g.*, *Gao v. Savour Sichuan Inc.*, No. 19-cv-2515 (JPC), 2024 WL 664718, at *24-26 (S.D.N.Y. Feb. 16, 2024) (in a decision issued following a bench trial, the district judge found that "[t]he Court need not determine whether [the plaintiff's] employers provided compliant wage statements because [the plaintiff] lacks standing under Article III of the U.S. Constitution to bring such a claim in the first instance.").

The Court therefore orders the parties to brief the issue of Plaintiff's standing to bring his claims for violations of Sections 195(1) and 195(3) of the New York Labor Law.  As Plaintiff bears the burden of proof on this issue, he must provide the first submission on the standing question, even if Plaintiff is not otherwise planning to file a post-trial motion pursuant to Rule 59 of the Federal Rules of Civil Procedure.  The deadlines for the parties' submissions regarding standing will track the post-trial briefing schedule previously set by the Court: (1) Plaintiff's submission regarding standing must be filed by **July 29, 2024**; (2) Defendants' submission regarding standing must be filed by **August 26, 2024**; and (3) Plaintiff's reply papers regarding standing, if any, must be filed by **September 9, 2024**.  If the parties intend to rely upon trial

testimony in their post-trial submissions regarding standing or any other issue—which will be the most compelling way of making any points regarding the trial record—then they must include specific transcript citations, *i.e.*, they will have to order the trial transcript.

Dated: July 2, 2024
       White Plains, New York

                                              **SO ORDERED.**

                                      ANDREW E. KRAUSE
                                      United States Magistrate Judge