UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SEAMUS A. ACTON,

       Plaintiff,      **DECISION AND ORDER**

   -against-       22 Civ. 4305 (AEK)

POWERLINE CYCLES, INC. and
THOMAS BRUNO,

       Defendants.
--------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

  Following the conclusion of the trial in this case, the Court ordered the parties to brief the

issue of Plaintiff's standing to bring his claims for violations of Sections 195(1) and 195(3) of

the New York Labor Law ("NYLL").  *See* ECF No. 80 ("July 2 Order").  In accordance with the

Court's order, Plaintiff filed his submission on July 29, 2024, ECF No. 83 ("Pl.'s Post-trial

Mem."), and Defendants filed their responsive submission on August 26, 2024, ECF No. 84

("Defs.' Post-trial Mem.").  Plaintiff did not file any papers in reply.  For the reasons that follow,

the Court finds that Plaintiff lacked standing to bring these claims in federal court, and the claims

are hereby DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

  Among the claims asserted by Plaintiff in this action were claims for violations of the

NYLL based on Defendants' alleged failure to provide Plaintiff with the requisite wage notice at

the time of hiring and wage statements at the time of each payment of wages.  *See* NYLL §§

195(1), 195(3).  While Plaintiff alleged in the Complaint that Defendants failed to comply with

the statutory wage notice and wage statement requirements and cited the relevant statutory

provisions, Plaintiff did not specify in the Complaint any concrete injury he suffered as a result of the alleged wage notice and wage statement violations.  *See* ECF No. 1 (Complaint) ¶¶ 66, 68.

During his testimony at trial, Plaintiff did not expressly describe any injury that he experienced as a result of the alleged wage notice and wage statement violations.  The only testimony that could be construed as supporting an injury flowing from these violations was Plaintiff's assertion that he was not paid for all the hours he worked at Powerline Cycles, Inc. ("Powerline"), and that he was not paid overtime wages to which he was entitled.  At the conclusion of the four-day trial, the jury rendered a verdict finding, among other things, that Defendants were liable on Plaintiff's wage notice and wage statement claims.  *See* ECF No. 79 (Judgment).  But the jury also found that Defendants had paid Plaintiff all the wages he was owed for all the compensable hours that he worked during his employment at Powerline.  *Id.* Because Plaintiff did not offer any evidence at trial of any injury allegedly resulting from the wage notice and wage statement violations *other* than the purported failure to be paid all wages due and owing for all compensable hours that he worked, a question remains as to whether Plaintiff had standing to assert his wage notice and wage statement claims at all.

In his post-trial submission, Plaintiff concedes "that the consensus of the recent cases conclude, based on the United States Supreme Court decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021)[,] that the Court did not have jurisdiction, *i.e.*, the authority, to hear the NYLL section 195 Wage Statement and Wage Notice causes of action in this case since there was no allegation of a concrete harm to Plaintiff on account of the Defendants' violations of these NYLL wage notice and wage statement requirements."  Pl.'s Post-trial Mem. at 2.  Plaintiff contends, however, that he would still be able to pursue these claims in state court.  *Id.*  Therefore, Plaintiff maintains that any dismissal of the NYLL claims

by this Court should be without prejudice, which would enable him to pursue the claims in state court even after dismissal here. *Id.* at 3. Defendants argue that Plaintiff lacks standing to bring the NYLL §§ 195(1) and 195(3) claims because he suffered no concrete injury from the failure to receive a proper wage notice and proper wage statements, and assert that the claims must be dismissed with prejudice. *See generally* Defs.' Post-trial Mem.

## ANALYSIS

### I.   Legal Standard

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff "must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (cleaned up). Second, "there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (cleaned up). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (cleaned up).

"Although the Article III standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed, the standing issue may be raised by a party, *or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment*." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (emphasis added) (cleaned up). "At each such stage, the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing, but the stage at which, and the manner in which, the issue is raised affect (a) the obligation of the plaintiff to

respond, (b) the manner in which the district court considers the challenge, and (c) the standard of review applicable to the district court's decision." *Id.* (cleaned up).  Each element of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Id.*  "Thus, the showing that must be made in order to withstand a dismissal for lack of standing increases as the suit proceeds." *Id.*

## II.    Application of Legal Standard

Just days after Defendants filed their post-trial submission, the Second Circuit addressed this very issue in the case of *Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300 (2d Cir. 2024).  In *Guthrie*, the panel held that in order to establish standing to bring claims for statutory damages under the NYLL's wage notice and wage statement provisions, a plaintiff must allege that the violation of these requirements led to actual injuries.  *Id.* at 305 ("a plaintiff cannot rely on technical violations of the Labor Law but must allege actual injuries suffered as a result of the alleged wage notice and wage statement violations").

In the aftermath of the Supreme Court's decision in *TransUnion LLC*, the Second Circuit explained that "a plaintiff has standing to bring a claim for monetary damages following a statutory violation only when he [or she] can show a current or past harm *beyond the statutory violation itself*."  *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) (emphasis in original).  Regarding the same NYLL provisions at issue here, the *Guthrie* panel further clarified that it agreed

> with those district courts that have held that a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm.  The legislature may have intended to empower employees to advocate for themselves, but unless the plaintiff-employee can show that he or she would have undertaken such advocacy and plausibly would have avoided some actual harm or obtained some actual

> benefit if accurate notices had been provided, the plaintiff-employee has
> not established a concrete injury-in-fact sufficient to confer standing to
> seek statutory damages under [NYLL] § 195.

113 F.4th at 308.  Moreover, "[b]ecause the elements of Article III standing 'are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'"  *Id.* at 308-09 (quoting *Lujan*, 504 U.S. at 561).

At this post-judgment stage of the action, Plaintiff bears the burden of demonstrating that there was evidence presented at trial that would support the conclusion that Plaintiff suffered an injury-in-fact as a result of not receiving a proper wage notice or proper wage statements.  In his post-trial submission Plaintiff did not point to any such evidence, because there was no such evidence introduced at trial—put simply, Plaintiff failed to establish that he suffered any injury as a result of Defendants' statutory violations.  The only theory of injury arguably advanced at trial was that Plaintiff was not paid all the wages he was owed for the compensable hours that he worked at Powerline.  Without a specific linkage between an employer's failure to provide a wage notice and wage statements and a concrete injury resulting therefrom, the fact that a plaintiff may not have received all the wages he or she was due may not be sufficient to establish standing.  *See id.* at 309 ("A plaintiff-employee *may* have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion.  But the plaintiff-employee cannot assume this conclusion without analysis or rely on speculation and conjecture." (cleaned up) (emphasis in original)).  Regardless, here, the jury's finding that Defendants paid Plaintiff all

the wages he was owed for all the compensable hours that he worked during his employment at Powerline eliminates this as basis for finding a concrete injury sufficient to establish standing.

In sum, Plaintiff cannot establish that he had standing to bring claims for statutory violations of NYLL §§ 195(1) and 195(3), and these claims must be dismissed.  "[W]here, as here, a complaint is dismissed for lack of Article III standing, the dismissal *must* be without prejudice rather than with prejudice, because without jurisdiction, the district court lacks the power to adjudicate the merits of the case."  *Harty*, 28 F.4th at 445 (cleaned up) (emphasis in original); *see Gao v. Savour Sichuan Inc.*, No. 19-cv-2515 (JPC), 2024 WL 664718, at *24-26 (S.D.N.Y. Feb. 16, 2024) (following a bench trial, NYLL § 195(3) claim dismissed due to lack of standing).  Therefore, the Court's dismissal of Plaintiff's NYLL §§ 195(1) and 195(3) claims for lack of standing is, "by definition, without prejudice."  *Harty*, 28 F.4th at 445.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims pursuant to Sections 195(1) and 195(3) of the New York Labor Law are DISMISSED WITHOUT PREJUDICE for lack of standing.[1]

Dated: October 3, 2024
     White Plains, New York           **SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] In light of the Court's dismissal of these NYLL claims and the jury's finding that Defendants were not liable on Plaintiff's other NYLL claims for unpaid wages, there does not appear to be a basis to award attorney's fees to Plaintiff in connection with the claims upon which he prevailed at trial, *i.e.*, assault, battery, and defamation.  "Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003).  Based on the Court's July 9, 2024 order, any motion for attorney's fees is now due on or before October 17, 2024.  If Plaintiff's counsel still intends to file a motion for attorney's fees, the motion must clearly explain the legal basis for his entitlement to fees.