UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SEAMUS A. ACTON,

                        Plaintiff,                        **AMENDED**
                                                                             **JUDGMENT**

                -against-                          22 Civ. 4305 (AEK)

POWERLINE CYCLES, INC., and
THOMAS BRUNO,

                        Defendants.
------------------------------------------------------------x

       **WHEREAS**, Plaintiff Seamus A. Action ("Plaintiff") brought the above-entitled action against Defendants Powerline Cycles, Inc. ("Defendant Powerline") and Thomas Bruno ("Defendant Bruno") (collectively, "Defendants");[1]

       **WHEREAS**, this action was assigned to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c) on December 9, 2022, ECF No. 27;

       **WHEREAS**, in a letter dated May 16, 2024, Plaintiff withdrew his claims for an unsafe work environment, failure to provide insurance coverage, and invasion of privacy, ECF No. 67;

       **WHEREAS**, in a letter dated June 6, 2024, Plaintiff withdrew his claims for negligence and illegal docking of pay, ECF No. 72;

       **WHEREAS**, this action proceeded to a jury trial on June 24, 2024;

       **WHEREAS**, during the trial, the parties stipulated to the withdrawal of Plaintiff's Fair Labor Standards Act claims and the Court agreed to retain jurisdiction over all of the New York State law claims remaining in the case;

---

[1] By Order dated June 7, 2024, Defendant Mark Romanych, sued herein as Mark Romacci, was terminated from the action. ECF No. 73.

**WHEREAS**, on June 26, 2024, Defendants moved before the Court pursuant to Rule 50 of the Federal Rules of Civil Procedure for a judgment as a matter of law as to Plaintiff's intentional infliction of emotional distress claim;

**WHEREAS**, the Court found that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on the intentional infliction of emotional distress claim and granted the motion for judgment as a matter of law on that claim;

**WHEREAS**, on June 27, 2024, the jury reached a unanimous verdict on the remainder of Plaintiff's claims as follows:

(i) in favor of both Defendants on Plaintiff's New York Labor Law claims for unpaid and overtime wages;

(ii) in favor of Plaintiff on his New York Labor Law claim for failure to provide a proper wage notice, for which the Court awarded Plaintiff statutory damages in the amount of $5,000.00 as against both Defendants, jointly and severally;

(iii) in favor of Plaintiff on his New York Labor Law claim for failure to provide proper wage statements, for which the Court awarded Plaintiff statutory damages in the amount of $5,000.00 as against both Defendants, jointly and severally;

(iv) in favor of Plaintiff on his state law claim for assault, and awarding Plaintiff nominal damages of $1.00 as against both Defendants, jointly and severally;

(v) in favor of Plaintiff on his state law claim for battery and awarding Plaintiff nominal damages of $1.00 as against both Defendants, jointly and severally, and awarding Plaintiff punitive damages of $14,000.00 as against Defendant Bruno and $6,000.00 as against Defendant Powerline;

(vi)  in favor of both Defendants on Plaintiff's state law claim for defamation based on conduct that occurred in November 2021; and

(vii)  in favor of Plaintiff on his state law claim for defamation based on conduct that occurred in March/May 2022 and awarding nominal damages of $1.00 as against both Defendants, jointly and severally, and awarding Plaintiff punitive damages of $21,000.00 as against Defendant Bruno and $9,000.00 as against Defendant Powerline.

**WHEREAS**, after the verdict was rendered, the Court ordered the parties to brief the issue of whether Plaintiff had standing to bring his New York Labor Law claims for Defendants' failures to provide a proper wage notice and proper wage statements; and

**WHEREAS**, on October 3, 2024, the Court issued a Decision and Order finding that Plaintiff lacked standing to bring his New York Labor Law claims for Defendants' failures to provide a proper wage notice and proper wage statements and dismissed those claims without prejudice,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff have judgment as against both Defendants jointly and severally in the amount of **$3.00**; as against Defendant Bruno in the amount of **$35,000.00**; and as against Defendant Powerline in the amount of **$15,000.00**.

Dated: October 3, 2024
White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge